IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



CAMILO HERNANDEZ MATEZ,  §
TDCJ-CID No. 01310948,          §
§
Plaintiff,           §
§
v.                              §      2:17-CV-134-Z
§
KEVIN FOLEY, *et al.*,          §
§
Defendants.          §

## MEMORANDUM OPINION DISMISSING COMPLAINT

*Pro se* Plaintiff Camilo Hernandez ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division. On May 5, 2017, Plaintiff filed a complaint (ECF No. 3) against Defendants Kevin Foley, Ric Vogelgesang, Benjamin Leeah MD, NFN Sandoval, NFN Jackson, and Yolanda Flenory (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's complaint is DISMISSED.

### I. JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

§ 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v.

Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. PLAINTIFF'S CLAIMS

At the time of his complaint, Plaintiff was a prisoner incarcerated at the Clements Unit of

TDCJ in Amarillo, Texas. ECF No. 3. Plaintiff remains incarcerated at this facility. In his

complaint, Plaintiff seeks only declaratory and injunctive relief as follows:

(1) [Order declaring] the defendants in violation of plaintiff's civil rights secured
the United States Constitutional's Amendments 8th and 14th. [*sic*]

(2) A preliminary and permanent injunction ordering the defendants to cease their
physical violence against plaintiff, cease the threats against plaintiff's life,
safety and well-being.

(3) Order the defendants to transfer plaintiff into protective custody and provide
him with medical assistance and treatments he may so requires [*sic*] due to the
physical and mental injuries obtained while he was unprovokely [*sic*] beaten
up, his only crime not being able to understand English.

(4) Issue order that plaintiff's property be returned to him or reimbursed or re-
issued.

ECF No. 3.

Plaintiff sues each Defendant in his or her official and individual capacity. Plaintiff does

not bring any claim for *monetary* damages for deliberate indifference or excessive force. However,

he does request that his seized property be either return or reimbursed.

According to Plaintiff's complaint, Defendants Jackson and Sandoval subjected Plaintiff

to excessive force during a cell search where a prison guard gave Plaintiff a verbal command in

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not
be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should
be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together
with the *Watson* questionnaire.")

the English language. ECF No. 3. Plaintiff claims that he does not understand English and that the guards, while fluent in Spanish, did not give the initial command in Spanish. *Id.* Plaintiff claims that on the same occasion, Defendant Flenory seized his personal property from his cell. *Id.* Plaintiff additionally claims that he suffered injuries during the use of force and now requires medication for bowel movements and continuing psychiatric treatment as a result. *Id.* Plaintiff also claims that he suffers from repeated denial of access to medications for his bowel movements, threats from prison guards to use force against him, restricted recreation privileges, and harassment. *Id.*

Plaintiff's complaint does not mention specific incidents where he was denied medication or what symptoms he was suffering at the time of these denials. *Id.* Plaintiff also provides no specific information about any threat of physical violence by a prison guard. *Id.* Rather, Plaintiff states that "whenever he complains [about any treatment received] the officers comes [sic] back and threaten him with physical injuries." *Id.* Plaintiff concludes with "due to this situation, plaintiff's life, safety and well-being is in imminent danger." *Id.*

Plaintiff also sues Defendants Foley, Vogelgesang, and Leeah—in their positions as the Warden of the Clements Unit, the Housing Director, and a medical doctor, respectively—to grant the injunctive relief requested.

### III. ANALYSIS

Declaratory relief is designed to conclusively rule and establish the rights, duties, and obligations of a party. The Declaratory Judgment Act states in relevant part that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

Here, Plaintiff seeks a judgment declaring that "the defendants [are] in violation of plaintiff's civil rights secured the United States Constitutional's Amendments 8th and 14th. [*sic*]" However, declaring that Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution would be just to rule on Plaintiff's claims *simpliciter*. It would not be an issuance of declaratory relief.

Consequently, this Court construes Plaintiff's statements as a request that this Court declare that excessive use of force and deliberate indifference to medical needs violate a prisoner's constitutional rights. However, it is already well-established that such conduct violates a prisoner's constitutional rights. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992) ("This case requires us to decide whether the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury. We answer that question in the affirmative."); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." (internal marks omitted)). Consequently, Plaintiff's request for declaratory judgment should be denied.

As noted earlier, Plaintiff does not bring a claim for monetary damages for past Eighth or Fourteenth Amendment violations. Rather, he brings a claim for injunctive relief to prevent future harm. For the reasons stated below, Plaintiff has failed to plead specific facts warranting injunctive relief based on immediate danger of serious injury or irreparable harm.

Plaintiff is not entitled to injunctive relief in this case because he has failed to establish a case or controversy as required by Article III of the United States Constitution. Plaintiff asserts in his complaint that he was subjected to a single use of excessive force on an unknown date.

Notwithstanding any potential merit to the factual accuracy of this claim, it is firmly established that past exposure to illegal conduct—without any current, continuing adverse effects—is insufficient to establish a case or controversy under Article III with respect to injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). In order to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992), *cert. denied*, 506 U.S. 866 (1992).

Plaintiff also claims that (1) he needs medication and psychiatric treatment because of his injuries but (2) Defendants were deliberately indifferent to his medical needs. Furthermore, Plaintiff makes vague allegations of threats of physical harm from unknown officers. However, conclusory and vague allegations are not sufficient to show entitlement to injunctive relief. *Bush v. Monroe*, No. 6:17CV541, 2017 WL 9989140, at *1 (E.D. Tex. Dec. 4, 2017), *report and recommendation adopted*, No. 6:17CV541, 2018 WL 3729765 (E.D. Tex. Aug. 5, 2018) (citing *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *see also Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) (Ramirez, M.J.), *report and recommendation adopted*, No. 3:12-CV-4683-M-BH, 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013) (Lynn, J.) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction.").

Here, Plaintiff's claims of denial of medication and psychiatric treatment provide no details about the individuals involved in the denial, the dates of the denial, Plaintiff's symptoms, or the urgency of his physical or mental health needs. Consequently, the Court cannot determine whether any particular Defendant knew that Plaintiff had a serious medical need or whether that Defendant acted with deliberate indifference toward Plaintiff. Furthermore, the facts alleged do not show—

let alone *clearly* show—that deliberate indifference will occur in the future and thereby place Plaintiff in immediate danger of serious injury. Plaintiff's request for a preliminary injunction was previously denied because of his failure to include specific facts supporting his request. ECF No. 9. His request for a permanent injunction must be denied for these same reasons.

Additionally, Plaintiff provides no evidence of a TDCJ policy that permits or encourages the use of force or deliberate indifference to medical needs in violation of the Constitution. He also provides no evidence of retaliation against inmates for exercising their constitutionally protected rights. Instead, to show that he was in imminent danger, Plaintiff cites a previous incident of force allegedly committed by Defendants Jackson and Sandoval, nonspecific threats of "physical injury," and nonspecific incidents where he was denied bowel medication. Hence, his claims for injunctive relief due to denial of medical treatment are based primarily on events that occurred in the past—or otherwise on vague allegations.

Similarly, although Plaintiff indicates that he continues to be threatened, harassed, and denied medical care, his claims are too vague and nonspecific to demonstrate an imminent threat. The allegation that "nurses and defendants" deny "treatments" does not supply sufficient facts to show the deliberate indifference to medical needs required to state a cause of action for cruel and unusual punishment under *Estelle v. Gamble*. As such, Plaintiff has not stated a claim for injunctive relief based on deliberate indifference to medical needs. Although he indicates that repeated threats of physical injury have occurred in response to his complaints, he has failed to provide sufficient facts showing that these threats violate his constitutional rights.

Hence, Plaintiff is not constitutionally entitled to the injunctive relief requested, as he has failed to credibly suggest a real and immediate threat of repeated injury in the future from

6

Defendants. Accordingly, he has failed to state a claim for injunctive relief, and his claims should be dismissed without prejudice.

The Court also notes that Plaintiff has indicated that he used the assistance of an English-speaking inmate to bring his claims to this Court. Plaintiff further requested the appointment of counsel in his case, which was previously denied. Because (1) Plaintiff's claims for injunctive and declaratory relief are not meritorious and (2) Plaintiff has access to other inmates bilingual in English and Spanish while pursuing his claims, the Court does not find that counsel is warranted by any renewed request for counsel contained in any correspondence received by the Court. Plaintiff should continue to seek the assistance of bilingual inmates in completing and submitting any paperwork to the Court. *See Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017) ("[The plaintiff's] assertion that he was hindered in the district court by the denial of counsel and the absence of translated orders is similarly conclusory, as he has received bilingual assistance from inmates in litigating his claim and does not specify how the language barrier otherwise hindered him.")

Plaintiff has also failed to state a claim regarding property deprivation. A prisoner does not have an expectation of privacy in his cell and officials may search a cell at any time. *Hudson v. Palmer*, 468 U.S. 517, 528–29 (1984). The constitutional requirements of due process are satisfied when Plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as through the prison grievance system. *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033, at *9 (S.D. Tex. Aug. 26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy these requirements with respect to confiscation of property pursuant to prison regulations. *McQueen v. Vance*, 68 F.3d 471, 1995 WL 581861, at *1 (5th Cir. 1995) (unpublished) (citing *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. 1994)

(unpublished)); *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033, at \*9 (S.D. Tex. Aug. 26, 2005).

Because Texas has adequate post-deprivation state remedies for the confiscation of prisoner property by way of a tort action for conversion, Plaintiff has failed to state a claim of constitutional dimension. *See Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Shaw v. Painter*, 165 F.3d 23 (5th Cir. 1998); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897 (1983).

The Court has considered the factors set forth in *Morrissey v. Brewer* and notes that even relatively insignificant personal property is still of some importance to a prisoner. 408 U.S. 471, 481 (1972). Nevertheless, Plaintiff has not alleged any fact indicating that additional procedural safeguards established by any injunctive relief would significantly minimize the risk of an erroneous deprivation. Whether or not an item is contraband turns on simple observation and property records, not credibility determinations. Lastly, Plaintiff has not alleged a single fact showing that any advantage of additional opportunities to challenge the prison officials' decision would not be outweighed by the fiscal and administrative burdens of additional or substitute procedural requirements. *Allen,* 2005 WL 2076033, at \*9 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Regarding Plaintiff's property, it is clear the grievance system provides Plaintiff (1) notice of the reason for the confiscation of his property and (2) sufficient opportunity to object to it—as well as to appeal any decision on his objection. *Allen,* 2005 WL 2076033, at \*9. Therefore, Plaintiff's claim for his seized property is frivolous and should be dismissed.

**IV. ORDER**

For the reasons above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42

U.S.C. § 1997e(a), it is ORDERED that the Plaintiff's complaint (ECF No. 3) filed pursuant to 42

U.S.C. § 1983 is DISMISSED without prejudice.

**SO ORDERED.**

June _3_, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE